# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **RANDY MCRAE** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil No. **PJM 10-239** |
| | * | |
| **CENTRAL PRINCE GEORGE'S** | * | |
| **COUNTY COMMUNITY** | * | |
| **DEVELOPMENT CORP.** | * | |
| | * | |
| Defendants | * | |

## MEMORANDUM OPINION

Counsel for Defendant Central Prince George's County Community Development Corporation ("CDC") has moved for the imposition of sanctions against Plaintiff Randy McRae, who is proceeding *pro se*, pursuant to Federal Rule of Civil Procedure 11(c). CDC has sought this relief because of McRae's improperly filed a Notice of Removal in this Court on January 29, 2010, three days before a jury trial in the matter was set in the Circuit Court for Prince George's County. CDC asks for attorneys' fees and costs for the time and expense it incurred in preparing for the jury trial in state court, in defending the Notice of Removal, and for the time and expense of bringing the instant Motion for Sanctions.

Having considered CDC's argument as well as McRae's response, CDC's Corrected Motion for Sanctions [Paper No. 36] is **GRANTED**.[1] McRae is ordered to pay attorneys' fees and expenses to CDC in the amount set forth below. Additionally, because the Court finds that

---

[1] Defendant's original Motion for Sanctions [Paper No. 33] is deemed **MOOT**.

-1-

McRae's Notice of Removal was frivolous, CDC's Motion to Remand [Paper No. 28] is **GRANTED**.

**I.**

The dispute between the parties arises out of a verbal agreement whereby McRae would provide legal, accounting, and grant administration services to CDC. The relationship did not go well. On October 30, 2008, McRae, a Maryland resident, filed a complaint against CDC, a Maryland non-profit corporation, and others in the Circuit Court for Prince George's County, Maryland ("Circuit Court"), alleging trespass, conversion, breach of fiduciary duty, fraud, and wrongful expulsion, and seeking declaratory judgment and replevin, arguing that CDC failed to pay him for the services he provided. McRae subsequently amended his complaint to add counts for a violation of Maryland's Wage Payment and Collection Act, breach of an implied warranty of good faith and fair dealing, and seeking a writ of mandamus. In response, CDC filed a Counterclaim for breach of contract, intentional misrepresentation/fraud and fraud in the inducement, negligent misrepresentation, accountant and legal malpractice, breach of fiduciary duty, and appropriation of name or likeness. CDC argued that McRae had failed to properly perform his obligations, that he was not fit to perform the contracted services since he was not a licensed or barred attorney in the State of Maryland and that he had allowed his CPA license in Maryland to lapse long before the parties entered into their agreement. Additionally, CDC alleged that without its authorization or approval McRae used CDC's and board members' names and likenesses to secure grant funds for his own personal gain.

The parties agreed to set a three-day jury trial in the matter in the Circuit Court for Prince George's County to commence on February 2, 2010. The date was memorialized by the Circuit

Court in a notice issued April 29, 2009. However, on June 5, 2009, the Circuit Court dismissed all of McRae's claims except for his claim for breach of contract, which remained to be heard at the February 2, 2010 trial. On November 12, 2009, McRae filed a Motion to Amend the Scheduling Order, seeking to continue the February 2 trial date. However, on January 2, 2010, the Circuit Court denied his request and ruled that the trial would proceed as scheduled. Then on January 24, 2010, McRae filed an Emergency Motion to Stay Trial Court Proceedings in the Court of Special Appeals pending a ruling on his interlocutory appeal. The Court of Special Appeals denied this Motion on January 26, 2010.

On January 29, 2010, three days before trial in the Circuit Court was to begin, McRae filed in this Court a Petition for and Notice of Removal, asserting that removal was appropriate based on "the federal questions involved" and pursuant to multiple statutes and "violations of his constitutional due process and equal protection rights by the Defendant's leadership and the state court." On February 19, 2010, CDC filed a Petition for Remand in this Court as well as a Motion for Leave to File an Immediate Motion for Rule 11 Sanctions. The Motion for Leave was granted by this Court on April 30, 2010. CDC argues that sanctions against McRae are appropriate because he had absolutely no grounds to file his Notice of Removal, i.e. there is no diversity of citizenship and there is no question of federal law invoked by either the Complaint or the Counterclaim. Additionally, CDC asserts that McRae failed to follow 28 U.S.C. § 1446, which sets forth the procedure for removal since he did not remove within 30 days after service of CDC's Counterclaim.

**II.**

The desired goal of Rule 11 is deterrence. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Conduct must be viewed by an objective, reasonable standard, rather than assessing subjective intent. *Fahrenz v. Meadow Farm Partnership*, 850 F.2d 207, 210 (4th Cir. 1988). Rule 11 allows for stiff sanctions to be imposed upon lawyers and parties who present pleadings for "any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed. R. Civ. P. 11; *Accrued Financial Services, Inc. v. Prime Retail, Inc.*, 298 F.3d 291, 306 (4th Cir. 2002).[2]

In *Unanue-Casal v. Unanue-Casal*, a case factually indistinguishable from the case at hand, Charles Unanue filed suit in state court in New Jersey attacking a will created by his father. 898 F.2d 839, 840 (1st Cir. 1990). Three days before trial in state court, Unanue filed a petition for removal of the case to the United States District Court for the District of Puerto Rico. *Id.* The notice of removal was dismissed in Puerto Rico as invalid. *Id.* Upon notification of the dismissal, Unanue filed a removal petition in the United States District Court for the District of New Jersey. The District of New Jersey also dismissed the petition and ordered Unanue to pay attorneys' fees to the defendants. *Id.* at 841. When defendants made a similar request for attorneys' fees in Puerto Rico, the District Court of Puerto Rico declined to imposed monetary

---

[2] Federal Rule of Civil Procedure 11 provides in part:

Every pleading, motion, and other paper . . . shall be signed . . . The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

sanctions in light of the District of New Jersey's holding, and instead issued a verbal reprimand. *Id.* An appeal of that ruling was taken, and the Court of Appeals for the First Circuit held that the district court was *required* to sanction Unanue for his frivolous attempt to remove a New Jersey state case to federal court, and that the filing of the removal petition on the eve of trial to a clearly inappropriate forum undermined the goals that Rule 11 seeks to advance. *Id.* at 842.

As in *Unanue-Casal*, McRae filed a Notice of Removal totally inappropriate and unsupportable in either fact or law. The Complaint and Counterclaim sound wholly in state law claims. There are no federal law questions. Furthermore, there is no diversity of citizenship as between the parties, since McRae is a Maryland resident and CDC is a Maryland non-profit corporation. The Court fully agrees that McRae filed his Notice of Removal solely for the purpose of delaying the scheduled jury trial in state court. In such a circumstance, as held by the First Circuit, this Court is *required* to sanction him for his frivolous action. *See Unanue Casel v. Unanue Casel*, 132 F.R.D. 146, 151 (D.N.J. 1989) ("[I]t is clear that Rule 11 was designed to discourage litigants from pursing the very sort of conduct that we have in this case, a frivolous, factually insufficient and legally insupportable attempt to remove a state court [] proceeding to federal court."). McRae's conduct is exactly what Rule 11 was designed to discourage and will not be tolerated in this Court**.**

Whether or not McRae had proper grounds for filing a Notice of Removal – and he did not – he failed to follow the procedure set forth in 28 U.S.C. § 1446, which requires a notice of removal of a civil action or proceeding to be filed within 30 days after receipt of a defendant's counterclaim. Failure to properly abide by this procedure may also subject the offender to the provisions of Rule 11. 28 U.S.C. § 1446(a). CDC filed its Counterclaim on April 13, 2009.

Pursuant to 28 U.S.C. § 1446, McRae was required to file his Notice of Removal on or before May 13, 2009. However, without offering any justification or reasonable excuse, McRae filed his Notice of Removal eight months after the statutory deadline had passed, well after his failed attempts to continue the state trial through his Motion to Amend Scheduling Order and Emergency Motion to Stay Trial Court Proceedings were denied. Not only was the Notice of Removal well beyond the 30 day time limit as required by 28 U.S.C. § 1446, to add insult to injury, the Notice was filed a mere three days before trial was to begin in this matter, a trial date McRae had agreed to some nine months prior.

The Court finds that McRae must be sanctioned pursuant to Rule 11. The fact that he is proceeding *pro se* (although he is apparently an attorney) is irrelevant to this determination. *See In re Weiss*, 111 F.3d 1159, 1170 (4th Cir. 1997); *Katti v. Moore*, 2006 WL 3424253 (E.D.Va. 2006) (noting that although a *pro se* party may be granted a degree of indulgence greater than a practicing attorney, he must still abide by the requirements of Rule 11).

What sanctions, then, should be awarded? "What constitutes reasonable expenses within the context of Rule 11 must be considered in relation with the Rule's goals of deterrence, punishment, and compensation." *Fahrenz v. Meadow Farm Partnership*, 850 F.2d 207, 211 (4th Cir. 1988). The Court has reviewed the itemized bill setting forth th costs and expenses incurred by CDC in preparing for the state jury trial, in researching and responding to the Notice of Removal, and in researching and drafting the Motion for Rule 11 Sanctions. McRae makes no argument that the fees or costs in this case are excessive, and the Court finds the requested amount reasonable. Accordingly, McRae will be ordered to pay CDC a total of $9,495.00 in fees and costs as a sanction for having violated Rule 11. He shall pay this amount within thirty days

from the filing of this Memorandum Opinion and the accompanying Order. Final judgment will be entered against McRae and in favor of CDC in the amount of $9,495.00.

III.

For the foregoing reasons, CDC's Motion for Sanctions [Paper No. 36] is **GRANTED**. Additionally, CDC's Motion to Remand [Paper No. 28] is **GRANTED**.

A separate Order will issue.

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**June 30, 2010**